Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1719 | **DATE** | 3/19/2001 |
| **CASE TITLE** | FRANK J. WSOL, SR., et al. vs. FIDUCIARY MANAGEMENT ASSOCIATES, et | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    Plaintiffs' second motion for a new trial [104-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 20 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3/19/2001 | |
| | | date mailed notice | |
| SB | courtroom deputy's initials | jad | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

01 MAR 19 PM 5:19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK J. WSOL, SR., et al. )
)
)
Plaintiffs, ) No. 99 C 1719
)
v. )
) Suzanne B. Conlon, Judge
)
FIDUCIARY MANAGEMENT ASSOCIATES, )
INC. and EAST WEST INSTITUTIONAL )
SERVICES, INC. )
)
) MAR 2 0 2001
Defendants. )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Even though an appeal is pending, plaintiffs move to vacate this court's January 28, 2000 judgment in favor of defendants Fiduciary Management Associates ("FMA") and East West Institutional Services ("East West") and to order a new bench trial pursuant to Fed.R.Civ.P. 60(b)(2).[1] Plaintiffs, who are trustees suing on behalf of a union pension fund, predicate their motion on post-judgment events in a criminal case before another judge of this court. *United States v. Christopher Roach and Richard Tringale*, 00 CR 288 (Judge Norgle). Roach and Tringale are not parties in this case, nor are the defendants in this case, FMA and East West, named as defendants in the indictment. However, plaintiffs contend guilty pleas and plea agreements in the criminal case constitute newly discovered evidence that requires a new trial.

---

[1] This motion is moot as to East West. Plaintiffs settled with East West and have moved the Court of Appeals to dismiss East West from this case. FMA surreply, Ex. A.

On May 30, 2000 and June 12, 2000, this court denied plaintiffs' motions for a new trial and for reconsideration, respectively, based on the same indictment and the plea agreement of a former pension fund trustee in another criminal case in Massachusetts. Since these rulings, Roach and Tringale entered guilty pleas admitting the allegations in the indictment and have agreed to cooperate with the United States Attorney in future criminal and civil cases. Plaintiffs submit Roach's declaration (dated January 15, 2001 - one year after the bench trial), as well as Roach and Tringale's plea agreements and a transcript of their guilty plea hearing on December 20, 2000. Plaintiffs argue they are entitled to a new trial because this new evidence implicates FMA in the alleged fiduciary breaches and prohibited transactions that were the subject of this suit. Plaintiffs conclude that inculpatory statements by Roach and Tringale, and the Roach declaration, provide evidence that would likely cause a different result, at least as to FMA's successful Fed.R.Civ.P. 52(c) motion at the conclusion of plaintiffs' case.

## LEGAL STANDARD

The court may provide relief from final judgment under Rule 60(b)(2) based upon newly discovered evidence that could not have been obtained through due diligence in time to move for a new trial under Rule 59(b). In order to meet the standards required by Rule 60(b)(2), plaintiffs must establish that: the evidence was discovered after trial; due diligence on plaintiffs' part to discover the new evidence; the evidence is not merely cumulative or impeaching; the evidence is material; and if the evidence were produced at a new trial, the result would probably be different. *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 732 (7th Cir. 1999). "Discovery" of new evidence presumes that the evidence was either in existence or pertains to facts that were in existence at the time of the trial. *See Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 902-03 (7th Cir. 1993)(underlying

2

facts of newly discovered evidence must have existed at time of trial to meet Rule 60(b)(2) standard); *Gomez v. Chody,* 867 F.2d 395, 405 (7th Cir. 1989)(same).

## ANALYSIS

### A. Discovery after trial

It is beyond dispute that plaintiffs learned of the guilty pleas and plea agreements, as well as the declaration Roach signed for plaintiffs, after the bench trial in this case. But this alone does not satisfy the discovery after trial requirement. The guilty pleas, plea agreements and declaration did not exist when this case was tried. Rather, the question is: were the facts underlying this "new evidence" in existence at the time of trial?

Roach, who was the owner of East West, selectively invoked the Fifth Amendment during his pretrial deposition in this case. His present declaration irreconcilably contradicts his pretrial deposition testimony is several material respects. All Roach's statements were made under penalty of perjury.

> (1) At his deposition, Roach denied that either he or East West had any oral or written agreements with FMA or Robert Carr, an FMA officer; in his affidavit, Roach attests that he, Carr, and a purportedly corrupt former pension fund trustee, William Close, agreed to participate in a scheme to divert FMA brokerage commissions for pension fund investments to East West. *Compare* Roach dep. at 160 *with* Roach decl. ¶ 3.
> 
> (2) Before trial, Roach testified that he did not know how FMA became the pension fund's investment manager; now Roach declares that FMA agreed to divert brokerage commissions to East West in exchange for retention as the pension fund's investment manager. *Compare* Roach dep. at 442 *with* Roach decl. ¶¶ 3.

3

(3) Before trial, Roach denied under oath that Tringale was associated in any way with East West's business; now Roach attests that Tringale, his criminal co-defendant, was his "East West associate." *Compare* Roach dep. at 153 *with* Roach decl. ¶ 3.

(4) Before trial, Roach denied there were any meetings or conversations between Tringale and Carr or between Tringale and any pension fund trustee; Roach now attests that Tringale met with Carr and a pension fund trustee as part of the scheme in issue. *Compare* Roach dep. at 153, 155, 207, and 339 *with* Roach decl. ¶ 3.

(5) Before trial, Roach testified that no one at FMA was aware of the details of East West's financial arrangements with the clearing firms that actually paid a portion of East West's commissions; now Roach swears that FMA agreed to direct brokerage commissions to East West in an amount equal to FMA's management fees. *Compare* Roach dep. at 435 *with* Roach decl. ¶ 3, 5.

In sum, the proffered new evidence either impeaches Roach's purportedly false exculpatory statements available at the time of trial, or consists of post-trial statements that were *unavailable* at the time of trial because Roach and Tringale were unwilling to cooperate with plaintiffs. The new evidence was the direct product of two criminal defendants' decisions to plead guilty in exchange for sentencing benefits and, with respect to Roach, to settle plaintiffs' claims against his business, East West. Roach decl. ¶ 8.

It is instructive that similar situations are not uncommon in criminal cases. After conviction at trial, defendants may move for a new trial under Fed.R.Crim.P. 33, which parallels and embodies the same standards as motions for new trial under Fed.R.Civ.P. 60(b)(2). A defendant may proffer post-trial testimony of a co-defendant, an alleged co-conspirator, or a non-party witness that reflects

4

"new" information favorable to the defendant as the basis for a new trial. Courts have uniformly held that post-trial evidence from a witness who was unavailable - because the witness exercised the Fifth Amendment privilege not to testify or was otherwise unwilling to cooperate until after trial - does not constitute newly discovered evidence under Rule 33. *United States v. Theodosopoulos,* 48 F.3d 1438, 1448-49 (7th Cir. 1995); *United States v. Dale,* 991 F.2d 819, 838-39 (D.C.Cir. 1993); *United States v. Locke,* 1999 WL 558130 (N.D.Ill.)(internal citations omitted). The rationale underlying this uniform view in criminal cases applies here: Roach's proffered post-trial testimony does not qualify as newly discovered evidence. The finality of a judgment cannot be compromised by recruiting witnesses after trial whose earlier unavailability or uncooperativeness was predicated on their own criminal liability.

### B. Due diligence

Plaintiffs must show they exercised due diligence to obtain the purported new evidence. They offer no explanation as to why they did not attempt to elicit Tringale's testimony at trial. Nor do they offer a declaration from Tringale that he is now willing to provide testimony that is material as to whether FMA breached its fiduciary duties or engaged in prohibited transaction. Rather, plaintiffs rely on inadmissible hearsay statements - not directly addressing FMA's conduct - that are contained in Tringale's plea agreement and admissions he made during his guilty plea colloquy. Thus, plaintiffs have not shown they exercised due diligence as to Tringale.

Plaintiffs explain they did not call Roach as a trial witness because during his deposition, he invoked the Fifth Amendment privilege against self-incrimination on all questions pertaining to pension funds. FMA argues that because Roach answered other substantive questions, he waived his Fifth Amendment privilege. According to FMA, this shows that plaintiffs were not diligent because they

made no attempt to compel Roach's deposition answers and trial testimony on issues relating to pension funds and the transactions and events in issue at trial. Instead, plaintiffs unsuccessfully attempted to persuade the court to draw an adverse inference *against FMA* based upon Roach's silence.

It is true that if a witness or deponent testifies voluntarily about a subject, he waives the privilege against self-incrimination as to any details relating to that subject. *Mitchell v. United States*, 526 U.S. 314, 321 (1999) (internal citations omitted). Determining the boundaries of a waiver based on selective invocation of the Fifth Amendment is problematic. *Id.* at 321-22 ("Nice questions will arise . . . about the extent of the initial testimony and whether the ensuing questions are comprehended within its scope . . ."). Apparently counsel consulted another judge of this court during Roach's deposition; the judge advised Roach to answer only those questions that Roach believed would not be incriminatory. Pl. reply, p. 6, n. 6. FMA's generalized approach to this difficult issue is not helpful: FMA does not identify specific answers to support a finding that the privilege was waived as to other specific questions. Thus, there is an insufficient basis to conclude that plaintiffs failed to exercise due diligence by not seeking judicial assistance to compel Roach to answer those questions to which he responded by invoking the Fifth Amendment.

### C. Roach's credibility and the outcome of this case

The parties sharply disagree about the credibility and reliability of Roach's proffered declaration, which is appended to plaintiffs' motion. In his declaration, Roach not only contradicts some of the answers he did provide during his pretrial deposition, but he also inculpates FMA in unlawful transactions relating to management of pension fund investments.

Plaintiffs predicate Roach's credibility on his plea agreement with the United States Attorney and the incriminatory statements he made during his guilty plea.

The United States Attorney is not the guarantor of the truthfulness of criminal defendants who agree to plead guilty and to cooperate with authorities in exchange for a lesser sentence or other benefits. Indeed, this court is required to routinely caution jurors to consider "with caution and great care" the testimony of a witness who has either plead guilty to the conduct in issue or a witness who has received sentencing benefits. Seventh Circuit Criminal Jury Instruction 3.13, Witnesses Requiring Special Caution. Roach falls into both categories. Moreover, his settlement agreement to cooperate with plaintiffs and furnish his declaration in this case in exchange for dismissal of plaintiffs' claims against East West suggests a basis for bias and potential impeachment. Finally, it is beyond question that Roach perjured himself either during his pretrial deposition or in his declaration by giving contradictory answers on material matters.

In view of these considerations, the court cannot conclude that Roach's recent declaration is unquestionably credible and trustworthy insofar as he now inculpates FMA in his criminal activities. Evidence advanced as a basis for a new trial under Rule 60(b)(2) must be credible. *Daniels*, 983 F.2d at 802-03. For the same reasons, the court cannot conclude that Roach's testimony at a retrial, if consistent with his present declaration, would probably change the outcome of this case.

## CONCLUSION

Plaintiffs have not carried their burden of establishing all of the requirements for a new trial under Rule 60(b)(2). Accordingly, their second motion for a new trial must be denied.

ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge

March 19, 2001